**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JIMMY RAE COLE,

      Petitioner,

v.                                       Case No. 16-12202

SHIRLEE HARRY,

      Respondent.

_____/

**ORDER TRANSFERRING PETITIONER'S HABEAS CORPUS PETITION**
**TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION**

      This matter has come before the court on petitioner Jimmy Rae Cole's *pro se*
petition for the writ of habeas corpus under 28 U.S.C. § 2241.  The habeas petition
challenges Petitioner's state convictions for two assaults, one offense involving an
automobile, and one count of aggravated domestic violence.  Because Petitioner
challenged these convictions in a prior petition that was denied on the merits, this court
has no jurisdiction to consider Petitioner's claims without authorization from the Court of
Appeals.  The court therefore will transfer the petition to the Court of Appeals for a
determination of whether this court may adjudicate Petitioner's claims.

**I.  BACKGROUND**

      The habeas petition and exhibits indicate that, in 2008, a circuit court jury in
Jackson County, Michigan found Petitioner guilty of assault with intent to do great bodily
harm less than murder, Mich. Comp. Laws § 750.84, felonious assault, Mich. Comp.
Laws § 750.82, unlawfully driving away an automobile, Mich. Comp. Laws § 750.413,
and aggravated domestic violence, Mich. Comp. Laws § 750.81a(2).  The trial court

sentenced Petitioner as follows:  nine to twenty years in prison for assault with intent to do great bodily harm less than murder; four to eight years in prison for felonious assault; four to ten years in prison for unlawfully driving away an automobile; and 204 days (time served) for aggravated domestic violence.  The Michigan Court of Appeals affirmed Petitioner's convictions and sentence, *see People v. Cole*, No. 288790, 2010 WL 1924847 (Mich. Ct. App. May 13, 2010), and on September 27, 2010, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented to it.  *See People v. Cole*, 788 N.W.2d 452 (Mich. 2010) (table).

Petitioner subsequently filed a motion for relief from judgment in the state trial court.  The trial court denied Petitioner's motion, and on March 12, 2012, the Michigan Court of Appeals denied leave to appeal the trial court's decision.  *See People v. Cole*, No. 307206 (Mich. Ct. App. Mar. 12, 2012).  On September 24, 2012, the Michigan Supreme Court denied leave to appeal because Petitioner failed to establish entitlement to relief under Michigan Court Rule 6.508(D).  *See People v. Cole*, 820 N.W.2d 801 (Mich. 2012) (table).

Meanwhile, Petitioner filed a petition for the writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Western District of Michigan. He argued that:  (1) his prison warden was subjecting him to involuntary servitude and detaining him without a judgment of conviction being entered against him; and (2) his warden was depriving him of liberty without due process of law by incarcerating him without a judgment of sentence.  United States District Judge Paul L. Maloney dismissed the petition without prejudice on the basis that Petitioner should have filed his petition under 28 U.S.C. § 2254 instead of 28 U.S.C. § 2241.  *See Cole v. Harry*, No.

1:12-cv-1019 (W.D. Mich. Oct. 26, 2012).  On June 18, 2013, Judge Maloney denied Petitioner's motion for reconsideration.

On June 25, 2013, Petitioner raised the same claims in a second petition for the writ of habeas corpus under 28 U.S.C. § 2241.  United States District Judge Janet T. Neff denied the petition because it was barred by the statute of limitations. *See Cole v. Harry*, No. 1:13-cv-679 (W.D. Mich. Nov. 22, 2013).  Petitioner appealed Judge Neff's decision, but the United States Court of Appeals for the Sixth Circuit declined to issue a certificate of appealability.  *See Cole v. Harry*, No. 13-2667 (6th Cir. May 30, 2014).  On August 28, 2014, the Sixth Circuit denied Petitioner's request for rehearing.

Petitioner subsequently pursued additional state remedies, which included a motion to correct the record on the basis that a valid judgment of sentence was never entered in his case.  The state trial court denied Petitioner's motion after noting that the court entered a signed and certified judgment of sentence in Petitioner's case on October 30, 2008, and that the court subsequently entered and recorded an amended judgment of sentence awarding Petitioner 197 days of credit.  *See* Pet. for Writ of Habeas Corpus, Ex. B and Ex. E, ECF No. 1, Pg ID 34-35, 39.

On June 14, 2016, Petitioner filed his current habeas corpus petition.  He continues to maintain that no final judgment of sentence has been entered against him and, therefore, his imprisonment is unlawful.

## II.  DISCUSSION

The United States Court of Appeals for the Sixth Circuit recently explained that "[f]ederal law generally gives habeas petitioners one shot to pursue their claims in federal court."  *In re Stansell*, No. 15-4244, slip op. at 1 (6th Cir. July 1, 2016).  Among

3

other things,

> [t]he Antiterrorism and Effective Death Penalty Act of 1996
> (AEDPA) established a stringent set of procedures that a prisoner "in
> custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a),
> must follow if he wishes to file a "second or successive" habeas corpus
> application challenging that custody, § 2244(b)(1).  In pertinent part,
> before filing the application in the district court, a prisoner "shall move in
> the appropriate court of appeals for an order authorizing the district court
> to consider the application."  § 2244(b)(3)(A).

*Burton v. Stewart*, 549 U.S. 147, 152-53 (2007); *accord Magwood v. Patterson*, 561

U.S. 320, 330-31 (2010) (stating that, "[i]f an application is 'second or successive,' the

petitioner must obtain leave from the Court of Appeals before filing it with the district

court"); *In re Stansell*, slip op. at 3 (stating that AEDPA "requires petitioners challenging

state court judgments to seek authorization in a federal appeals court before filing a

'second or successive application' in district court").  A habeas petition is considered

"second or successive" for purposes of 28 U.S.C. § 2244(b) if the previous petition was

decided on the merits.  *In re William Garner*, 612 F.3d 533, 535 (6th Cir. 2010) (citing *In

re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000)).

Petitioner's first petition was dismissed without a decision on the merits, but

Judge Neff dismissed Petitioner's second habeas corpus petition because it was barred

by the statute of limitations.  "[T]he dismissal of a habeas petition as untimely

constitutes a disposition on the merits . . . ." *McNabb v. Yates*, 576 F.3d 1028, 1029

(9th Cir. 2009).  Consequently, Petitioner's current habeas corpus petition is a "second

or successive" habeas petition within the meaning of 28 U.S.C. § 2244(b).

Although Petitioner filed his current habeas petition under 28 U.S.C. § 2241 (the

general habeas statute), as opposed to 28 U.S.C.  § 2254 (the statute reserved for

4

petitions attacking state court judgments), he cannot evade the rules governing second or successive petitions by filing his habeas petition under § 2241.  "[S]ection 2244(b) applies to any habeas corpus petition seeking relief from custody pursuant to a state court judgment."  *Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006).  Thus, regardless of the statutory underpinning for a habeas petition, a habeas petitioner must ask the appropriate court of appeals for an order authorizing the district court to consider a second or successive petition.  28 U.S.C. § 2244(b)(3)(A).  And when a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without prior authorization from the Court of Appeals, the district court must transfer the document to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1]  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner has not acquired permission from the Court of Appeals to file a second or successive habeas corpus petition, and this court has no jurisdiction to consider his claims without prior approval from the Court of Appeals.  Accordingly,

---

[1] Section 1631 states that,

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

        IT IS ORDERED that the Clerk of the Court shall TRANSFER Petitioner's case to

the Court of Appeals for consideration of whether this court may adjudicate Petitioner's

claims.

                                        S/Robert H. Cleland                        
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:  August 29, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, August 29, 2016, by electronic and/or ordinary mail.

                                        S/Lisa Wagner                        
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522